MICHAEL JAY GREEN    4451
345 Queen Street
Second Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

EARL I ANZAI    2904
345 Queen Street
Second Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

GEORGE A. BURKE    7821
345 Queen Street
Second Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

FILED
2009 SEP 25 PM 1:03
J. KAYA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ELIZABETH J. PRICE,<br><br>    Plaintiff,<br><br>vs.<br><br>MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI GENERAL HOSPITAL DIRECTOR OF NURSING, LEI MOKIAO, MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER, THE QUEEN'S MEDICAL CENTER, DOE DEFENDANTS 1-50,<br><br>    Defendants. | CIVIL NO. 09-1-0722 (3)<br><br>FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

I hereby certify that this is a full, true and correct copy of the Original.

_____
Clerk, Second Circuit Court

EXHIBIT A

## FIRST AMENDED COMPLAINT

Plaintiff Elizabeth J. Price, by and through her undersigned counsel, and for her complaint against Defendants Molokai General Hospital, Janice Kalanihuia, President, Molokai General Hospital, Randy Lite, Vice President Molokai General Hospital, Dino Fontes, Molokai General Hospital Director of Nursing, Lei Mokiao, Molokai General Hospital Human Resources Manager, the Queen's Medical Center, Doe Defendants 1-50, alleges and avers as follows:

I.   PARTIES

1. Plaintiff Elizabeth J. Price ("Plaintiff") at all times relevant herein, is and was a resident of the County of Maui, State of Hawaii.

2. Defendants Molokai General Hospital, Janice Kalanihuia, President, Molokai General Hospital, Randy Lite, Vice President Molokai General Hospital, Dino Fontes, Molokai General Hospital Director of Nursing, Lei Mokiao, Molokai General Hospital Human Resources Manager, the Queen's Medical Center, Doe Defendants 1-50, at all times relevant herein, is and was a corporation organized and existing under the laws of the State of Hawaii with its principal place of business located in the County of Maui, State of Hawaii.

3. Defendant Molokai General Hospital at all times relevant herein, is and was a resident of the County of Maui, State of Hawaii.

4. Defendant Janice Kalanihuia, President, Molokai General Hospital at all times relevant herein, is and was a resident of the County of Maui, State of Hawaii.

5. Defendant Randy Lite, Vice President Molokai General Hospital at all times relevant herein, is and was a resident of the County of Maui, State of Hawaii.

6. Defendant Dino Fontes, Molokai General Hospital Director of Nursing at all

times relevant herein, is and was a resident of the County of Maui, State of Hawaii.

7. Defendant Lei Mokiao, Molokai General Hospital Human Resources Manager at all times relevant herein, is and was a resident of the County of Maui, State of Hawaii.

8. Defendant Queen's Medical Center, at all times relevant herein, is and was a resident of the City and County of Honolulu, State of Hawaii.

9. DOE Defendants 1-50 are individuals, corporations, partnerships, limited partnerships, joint ventures and/or other entities named here under fictitious names for the reason that, after reasonable investigation and inquiry, their true names and identities are presently unknown to Plaintiff except that they are persons and/or entities who are agents, servants, employees, representatives and/or who were in some manner presently unknown to Plaintiff engaged in the activities alleged in the Complaint filed herein; and/or who are in some manner responsible for the damages to Plaintiff; and/or who conducted some activity in a negligent and/or intentional manner, which negligent and/or intentional conduct was a proximate cause of the injuries or damages to Plaintiff; and Plaintiff prays leave to insert herein their true names and capacities, activities and/or responsibilities when the same are ascertained. Reference hereinafter to a named Defendant and/or to any person or entity other than the Plaintiff is also an allegation against all DOE Defendants.

II.  JURISDICTION

10. All events described herein took place within the County of Maui, State of Hawaii and within the jurisdiction of the Circuit Court of the Second Circuit, State of Hawaii.

11. Subject matter jurisdiction is proper pursuant to Haw. Rev. Stat §603-21.5 and §604-5 in that the value of the relief sought by Plaintiff exceeds $20,000.00.

12. Venue is proper pursuant to Haw. Rev. Stat. §603-36 because Plaintiff's claims for relief arose in this judicial circuit.

III. FACTS

13. On or about June 2007, Plaintiff was hired to perform the duties of a Registered Nurse at Molokai General Hospital ("Defendant MGH"). Over the course of the next few months, there were several incidents that occurred involving co-worker Joseph Gertz, R.N. ("Nurse Gertz"). Plaintiff and Nurse Gertz often worked together on the night shift.

14. Over the same time period, Plaintiff began to notice many errors by Nurse Gertz involving patient care. Plaintiff informed her Director of Nursing, Dino Fontes ("Defendant Fontes") of the various errors being made by Nurse Gertz. Plaintiff was instructed by Defendant Fontes to document the incidents on hospital incident reports.

15. Beginning in approximately July of 2008 through and including May 20, 2009, Plaintiff documented these incidents as instructed. Despite documenting these incidents, there appeared to be little or no corrective action taken to correct the incidents. Instead, the incidents were ignored and often joked about by Defendant Fontes.

16. Because no corrective action had taken place and patient safety was involved, Plaintiff filed a complaint at the State of Hawaii Department of Commerce and Consumer Affairs ("DCCA") Regulated Industries Complaints Office ("RICO") and the Joint Commission of Accreditation of Hospitals ("JCAHO") on or about May 26, 2009. On or about June 15, 2009, Plaintiff called Defendant Queen's Medical Center's ("Defendant QMC") Risk Management Department to inform them that she had filed the above complaints.

17. Both prior to and shortly after making the above reports, Plaintiff began to be

treated differently by other staff members as well as Defendant Fontes. Plaintiff also had her schedule changed, something that had not happened in the past, and was also accused of sleeping on the job. Plaintiff did not sleep on the job. Defendants also accused Plaintiff of violating the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Such misrepresentations were intended to place Plaintiff in a compromising situation and had no valid basis.

18. Plaintiff also began to feel afraid of Nurse Gertz as he had become aware of the incident reports that Plaintiff had written against him. Plaintiff expressed these fears to both Defendant Fontes and MGH President Janice Kalanihuia ("Defendant Kalanihuia"). Plaintiffs concerns were dismissed and scoffed at.

19. On or about June 23, 2009 Defendant Fontes phoned Plaintiff and stated that she must attend a meeting on June 25, 2009 regarding an investigation and potential disciplinary action against her. Defendant Fontes refused to explain the nature of the investigation or the disciplinary action. Plaintiff contacted her union representative for representation at that hearing.

20. On or about June 25, 2009 a short telephonic meeting was held regarding the investigation and potential disciplinary action against Plaintiff. Attending the meeting were Defendant Fontes, Defendant Kalanihuia, MGH Vice President Randy Lite ("Defendant Lite"), and MGH Human Resources Director Lei Mokiao ("Defendant Mokiao"). The meeting abruptly ended after Defendant Kalanihuia and the Union representative could not agree on whether the meeting should proceed. Shortly following the aborted meeting, Plaintiff was informed by Defendant Kalanihuia that effective immediately, Plaintiff was suspended without pay.

21. On or about July 10, 2009, a meeting was held. Present at that meeting were

5

Defendant Kalanihuia, Defendant Fontes, Defendant Lite, and Defendant Mokiao. Plaintiff was represented by a union representative. Plaintiff was informed that the purpose of that meeting was to discuss disciplinary action against her relative to the incident reports she had made regarding Nurse Gertz.

22. On or about July 20, 2009, another meeting was held. Present at the meeting were Defendant Kalanihuia, Defendant Lite, Defendant Fontes, and a Union Representative for Plaintiff. Defendant Kalanihuia and Defendant Lite proposed to the Union Representative that in exchange for Plaintiff's resignation, Defendant MGH would drop all other disciplinary issues that were pending against all other union members. The union representative agreed to discuss the proposal with Plaintiff.

23. On or about July 22, 2009, the Union Representative called Defendant Lite to discuss Defendant Lite, Defendant Kalanihuia, Defendant Mokiao, and Defendant MGH's proposal made during the July 20, 2009 telephonic meeting. The Union Representative informed Defendant Lite that he would not discuss the offer with Plaintiff as it was his opinion that the proposal would be illegal.

24. On or about July 28, 2009, yet another meeting was held. Present were Defendant Lite, Defendant Kalanihuia, Defendant Mokiao, Defendant Fontes, Plaintiff and Plaintiff's union representative. Plaintiff was informed that since she did not tender her resignation, she was immediately terminated.

25. The employees or agents of Defendant and others who held themselves out as being employees or agents of Defendant were acting within the scope of such relationship.

26. Defendant is therefore liable for all of the acts and/or omissions of its employees

or agents or putative employees and agents under the doctrine of respondeat superior, or is otherwise vicariously liable for their acts and omissions under principal/agent or master/servant principles

27. As set forth above, Defendants acted wantonly and /or oppressively and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations and/or with that entire want of care which would raise the presumption of a conscious indifference to consequences. Accordingly, an award of punitive damages is warranted.

IV. SPECIAL AND CONSEQUENTIAL DAMAGES

28. As set forth above, the special and consequential damages include but are not limited to loss of pay.

V. CAUSES OF ACTION

COUNT I
CIVIL CONSPIRACY

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 28 above as if said paragraphs were fully set forth herein.

30. The acts set forth above constitute civil conspiracy.

31. Plaintiff was damaged as a result of the civil conspiracy.

32. Defendants, and each of them, are liable to Plaintiff for damages in an amount to be proven at trial.

COUNT II
INTENTIONAL MISREPRESENTATIONS/NON-DISCLOSURE

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 32 above as if said paragraphs were fully set forth herein.

7

34. The above acts and omissions by Defendants constituted misrepresentation/non-disclosure on the part of Defendants and each of them, jointly and severally.

35. In making the above representations and withholding the above information, Defendants failed to exercise reasonable care in obtaining and communicating the information.

36. Plaintiff justifiably relied on the above representations or lack of information.

37. Defendants' representations were false and/or created a false impression and their omissions created a false impression.

38. Defendants' misrepresentations and omissions were a substantial factor in causing damages to Plaintiff.

39. As a direct and proximate result of the aforementioned wrongful, unlawful, and illegal acts and/or omissions of Defendants as alleged herein, Plaintiff suffered damages in an amount to be proved at trial.

40. Defendants, and each of them, are liable to Plaintiff for damages in an amount to be proven at trial.

## COUNT III
## NEGLIGENCE

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 40 above as if said paragraphs were fully set forth herein.

42. The above acts and omissions by Defendants constituted a breach of the duty to use reasonable care in carrying out their duties in supervising Plaintiff and Nurse Gertz..

43. Defendants colluded with each other in committing a breach of duty.

8

44. As a direct and proximate result of the aforementioned wrongful, unlawful and illegal acts and/or omissions of Defendants as alleged herein, Plaintiff suffered damages in an amount to be proved at trial.

45. As a direct and proximate result of the breaches, Plaintiff has suffered and will continue to suffer damages in amounts to be proven at trial

## COUNT IV

### VIOLATION OF WHISTLE BLOWERS' PROTECTION ACT

46. Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 45 above.

47. The above stated actions of Defendanst retaliated against Plaintiffs in violation of Section 378-62 of the Hawaii Revised Statutes ("HRS").

48. As a result of Defendants' acts of retaliation as described above, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

## COUNT V

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

49. Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 48 above.

50. Based on the acts alleged herein, Defendants wrongfully terminated Plaintiff in violation of public policy.

51. As a direct and proximate result of Defendant's wrongful termination, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 52 above.

53. In doing all of the acts described above, Defendants intentionally caused Plaintiff to suffer severe emotional distress, and as a direct and proximate result, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

## COUNT VII

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 53 above.

55. In doing all of the acts described above, Defendants negligently caused Plaintiff to suffer severe emotional distress, and as a direct and proximate result, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

VII.  <u>RELIEF</u>

WHEREFORE, Plaintiff requests relief against the above-named Defendants, jointly and severally as follows:

A.  Judgment be entered in favor of Plaintiff and against Defendants, jointly and severally, for damages in an amount to be determined at trial, including but not limited to special, general and consequential damages;

B.  Plaintiff be awarded punitive damages from Defendants, jointly and severally, in an amount to be determined at trial;

C. Plaintiff be awarded its reasonable attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest at the highest rate allowable by law from Defendants, jointly and severally; and

D. The Court award Plaintiff such other and further relief as it deems just and equitable.

DATED: Honolulu, Hawaii, **SEP 2 4 2009**

MICHAEL JAY GREEN
EARL I. ANZAI
GEORGE A. BURKE
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ELIZABETH J. PRICE, | CIVIL NO. 09-1-0722 (3) |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | |
| MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI GENERAL HOSPITAL DIRECTOR OF NURSING, LEI MOKIAO, MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER, THE QUEEN'S MEDICAL CENTER, DOE DEFENDANTS 1-50, | |
| Defendants. | |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

DATED:   Honolulu, Hawaii, __SEP 2 4 2009__

MICHAEL JAY GREEN
EARL I. ANZAI
GEORGE A. BURKE
Attorneys for Plaintiff
ELIZABETH J. PRICE

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ELIZABETH J. PRICE, | ) | CIVIL NO. 09-1-0722 (3) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| | ) | |
| MOLOKAI GENERAL HOSPITAL, | ) | |
| JANICE KALANIHUIA, PRESIDENT, | ) | |
| MOLOKAI GENERAL HOSPITAL, RANDY | ) | |
| LITE, VICE PRESIDENT MOLOKAI | ) | |
| GENERAL HOSPITAL, DINO FONTES, | ) | |
| MOLOKAI GENERAL HOSPITAL | ) | |
| DIRECTOR OF NURSING, LEI MOKIAO, | ) | |
| MOLOKAI GENERAL HOSPITAL HUMAN | ) | |
| RESOURCES MANAGER, THE QUEEN'S | ) | |
| MEDICAL CENTER, DOE DEFENDANTS 1- | ) | |
| 50, | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

STATE OF HAWAII

TO:   THE DEFENDANTS

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys, whose address is stated above, an answer to the First Amended Complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default with be taken against you for the relief demanded in the First Amended Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:   Honolulu, Hawaii, _____SEP 2 5 2009_____.

/sgd/ J. KAYA (seal)

_____
CLERK OF THE ABOVE-ENTITLED COURT