**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

| | |
|---|---|
| PATRICK H. JONES | 4246-0 |
| WILLIAM N. OTA | 6947-0 |
| JENNIFER C. T. WOO | 8615-0 |

Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
Email: pjones@marrjones.com

Attorneys for Defendants
MOLOKAI GENERAL HOSPITAL, JANICE
KALANIHUIA, PRESIDENT, MOLOKAI
GENERAL HOSPITAL, RANDY LITE,
VICE PRESIDENT MOLOKAI GENERAL
HOSPITAL, DINO FONTES, MOLOKAI
GENERAL HOSPITAL, DIRECTOR OF
NURSING, LEI MOKIAO, MOLOKAI
GENERAL HOSPITAL HUMAN RESOURCES
MANAGER, THE QUEEN'S MEDICAL CENTER

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH PRICE,<br><br>       Plaintiff,<br><br>vs.<br><br>MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI | CV09-00548 DAE-KSC<br><br>DEFENDANTS MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI GENERAL HOSPITAL, DIRECTOR OF NURSING, LEI MOKIAO,<br>[*caption continued on next page*] |

193163/0410.023

| | |
|---|---|
| GENERAL HOSPITAL, DIRECTOR OF NURSING, LEI MOKIAO, MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER, THE QUEEN'S MEDICAL CENTER, DOE DEFENDANTS 1-50,<br><br>                    Defendants. | MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER AND THE QUEEN'S MEDICAL CENTER'S OPPOSITION TO PLAINTIFF ELIZABETH PRICE'S MOTION TO REMAND FILED ON DECEMBER 11, 2009 [DOC 6]; CERTIFICATE OF SERVICE<br><br>No Trial Date Set. |

**DEFENDANTS MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI GENERAL HOSPITAL, DIRECTOR OF NURSING, LEI MOKIAO, MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER AND THE QUEEN'S MEDICAL CENTER'S OPPOSITION TO PLAINTIFF ELIZABETH PRICE'S MOTION TO REMAND FILED ON <u>DECEMBER 11, 2009 [DOC 6]</u>**

**I.    INTRODUCTION**

This lawsuit arises out of the termination of Plaintiff Elizabeth J. Price's employment with Defendant Molokai General Hospital ("MGH"). Plaintiff was discharged following incidents in which she slept while on duty and improperly copied and retained protected health information in violation of federal law. Plaintiff contends that she should not have been discharged, and brings the instant action against MGH, various MGH employees, and the Queen's Medical Center ("QMC"). She asserts several tort claims – specifically, claims for civil conspiracy (Count I), intentional misrepresentation (Count II), negligence (Count III), wrongful termination in violation of public policy (Count V), and

193163/0410.023                                           2

intentional/negligent infliction of emotional distress (Counts VI-VII) – against Defendants, as well as a statutory claim for an alleged violation of the Hawaii Whistleblowers' Protection Act (Count IV).

There is no dispute that Plaintiff was, throughout her employment with MGH, a union member employed under the terms of a collective bargaining agreement ("CBA") governed by the Labor Management Relations Act ("LMRA").  In this connection, some or all of Plaintiff's claims – each of which involve her employment with MGH – are preempted by Section 301 of the LMRA, which section is codified at 29 U.S.C. § 185.  Defendants properly removed the lawsuit to federal court on the basis of this preemption.

Plaintiff opposes removal, and seeks remand, by arguing that: (1) her claims do not arise under federal law; (2) her claims are not preempted because her union is not named or otherwise involved in this lawsuit; and (3) the federal courts should not exercise supplemental jurisdiction over her claims.  None of these arguments have merit.  Plaintiff need not specifically assert a federal cause of action for jurisdiction to exist; because some or all of her tort claims are preempted by § 301, removal was proper and the Court has sufficient jurisdiction over this action.  The mere fact that Plaintiff has chosen not to sue her union does not excise her claims from the preemptive scope of §301.  Accordingly, the Court has original jurisdiction over the preempted claims pursuant to 28 U.S.C. § 1331, and may

exercise supplemental jurisdiction over any non-preempted claims pursuant to 28 U.S.C. § 1367.

## II.    ARGUMENT

### A.    Most Or All Of Plaintiff's Tort Claims Are Preempted By § 301

Plaintiff's primary argument for remanding this lawsuit to state court is her contention that she did not plead any federal claims in her First Amended Complaint. The "well-pleaded complaint rule" is not, however, sufficient to prevent the removal of claims preempted by § 301.

"Plaintiffs may not avoid removal by 'artfully pleading' their claims to omit references to preemptive federal law. Even if the plaintiff's complaint does not refer to federal law, the case may be removed if federal law preempts completely the state law on which it relies and 'supplants' the state claim with a federal claim." *Hyles v. Mensing*, 849 F. 2d 1213, 1215 (9th Cir. 1988) (citations omitted). Section 301 is one of the three federal statutes that have been "construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statue are transformed, for jurisdictional purposes, into federal claims, *i.e.,* 'completely preempted.'" *Sullivan v. Am. Airlines*, 424 F.3d 267, 272 (2d Cir. 2005). Because plaintiffs cannot avoid § 301 preemption by way of artful pleading, "[t]o determine whether section 301 preempts a state tort claim, [the courts] do not look to how the complaint is cast." *Hyles,* 849 F.2d at 1216.

Section 301 preempts state law claims "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties to a labor contract[.]" *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). "[E]ven suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is inextricably intertwined with consideration of the terms of [a] labor contract." *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) (citation and internal quotation marks omitted).

In the instant case, it is at least arguable that Plaintiff's whistleblower claim (Count IV), and possibly her public policy claim (Count V), are not preempted by § 301 as they are premised on rights arising out of a state statute, the application of which may, in this case, be independent of the CBA under which Plaintiff was employed. As discussed below, however, the five other claims asserted by Plaintiff each appear to be preempted by § 301, and are thus properly subject to removal. Plaintiff's motion to remand this matter to state court should be therefore be denied.

### 1.     **Plaintiff's Conspiracy Claim Is Preempted By § 301**

In Count I of her First Amended Complaint, Plaintiff alleges a civil conspiracy among Defendants. Although this claim is quite vague,[1] the Hawaii Supreme Court has noted that "there can be no civil claim based upon a conspiracy alone." *Ellis v. Crockett*, 451 P.2d 814, 822 (Haw. 1969). If, under Hawaii law, a predicate tort claim does not exist, or is otherwise non-actionable, the courts will not recognize a claim based upon an alleged conspiracy to commit the putative tort. *Id.* at 822-23. Thus, where, for example, a plaintiff cannot maintain a claim for deceit, she is also unable to maintain a claim for conspiracy to deceive; conspiracy does not constitute an independent cause of action. *Id.*

The same rationale applies to the preemption issue. To the extent a conspiracy claim is based on an alleged plot to commit a purported tort that is preempted by § 301, the conspiracy claim is itself preempted. *Hyles v. Mensing*, 849 F.2d 1213, 1217 (9th Cir. 1988) (because conspiracy is not an independent tort, conspiracy claims based on acts alleged in connection with a preempted claim are also preempted). Because, as discussed more fully below, Plaintiff's other tort claims are preempted by statute, her conspiracy claim is likewise preempted and subject to removal.

---

[1] The conspiracy alleged in Count I appears to involve the negligence tort alleged in Count III, as Plaintiff alleges in Count III that "Defendants colluded with each other in committing a breach of duty." 1st Am. Compl. ¶ 43. Collusion is not expressly pled in the context of any of the other claims asserted by Plaintiff.

### B. Plaintiff's Intentional Misrepresentation/Non-Disclosure Claim Is Preempted By § 301

In Count II of her First Amended Complaint, Plaintiff asserts a claim for "intentional misrepresentation/non-disclosure." More specifically, Plaintiff contends that Defendants "failed to exercise reasonable care in obtaining and communicating [certain unspecified] information," 1st Am. Compl. ¶ 35, and that Plaintiff relied on their representations to her detriment. *Id.* at ¶¶ 36-38.

While it is not clear on what purported representations Count II is premised, the claim plainly contemplates some sort of duty for Defendants to accurately communicate some sort of employment- or discipline-related information to Plaintiff. Defendants' responsibility (if any) to communicate the subject information to Plaintiff is a matter governed by the CBA, as is the scope of Plaintiff's non-statutory employment "rights." Even assuming, *arguendo*, that Plaintiff is alleging that she was somehow entitled to something beyond what was ordinarily required under the CBA, the Court would still need to analyze and determine the baseline requirements set forth in the CBA. Thus, Count II is preempted by § 301, and was properly removed to federal court. *See Bale v. Gen. Tel. Co. of Calif.*, 795 F.2d 775, 780 (9th Cir. 1986) (affirming § 301 preemption of fraud and negligent misrepresentation claim regarding purported extra-CBA rights on basis that court would still need to assess what was required under the

CBA itself); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001 (9th Cir. 1987) (same).

### C. Plaintiff's Negligent Employment Claim Is Preempted By § 301

In Count III of her First Amended Complaint, Plaintiff asserts a claim for negligence. More specifically, Plaintiff alleges that Defendants breached their duty to use reasonable care in supervising Plaintiff and another nurse, Joseph Gertz. This type of claim is commonly referred to as a "negligent supervision" or "negligent employment" claim, and is routinely determined by the courts to be preempted by § 301.

In order to determine the scope of Defendants' supervisory "duties," and the standards by which their supervision of Plaintiff and Nurse Gertz should be measured, the Court would have to analyze the employer-related requirements set forth in the pertinent CBA. Thus, the resolution of Count III rests substantially on the interpretation and assessment of the CBA, and the claim is accordingly preempted by § 301. *See, e.g., Weatherhold v. Meijer*, 922 F. Supp. 1227, 1233 (E.D. Mich 1996) ("Because any duty relating to the hiring, supervision, or retention of employees in the collective bargaining context would arise solely from the collective bargaining agreement, resolution of these types of claims would require interpretation of the agreement"); *Bradshaw v. Goodyear Tire & Rubber Co.*, 485 F. Supp. 2d 821, 830-831 (N.D. Ohio 2007) (negligent employment claim

was preempted by § 301 because resolving claim "would necessarily involve analysis of the employer-employee relationship, which would in turn require analysis of the CBA"); *c.f. Truex v. Garrett Freightliners*, 784 F.2d 1347 (9th Cir. 1986) (claim that employer negligently employed certain individuals and failed to discipline them was preempted by § 301, as the resolution of such claim was dependent upon an interpretation of the CBA's disciplinary standards); *Romero v. Hilton Hotels Corp.*, Civ. No. 90-00152 ACK, 1991 WL 340574 at *4 (D. Haw. June 3, 1991) (claims for failure to provide safe work environment and negligent supervision were preempted by § 301 as such claims arose out of the same conduct at issue in other preempted claims).

## D. Plaintiff's IIED And NIED Claims Are Preempted By § 301

In Counts VI and VII of her First Amended Complaint, Plaintiff asserts claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"), respectively.

To prevail on an IIED claim, Plaintiff must establish "outrageous" conduct on the part of the Defendants. *See Shoppe v. Gucci America, Inc.*, 14 P.3d 1049, 1068 (Haw. 2000). The Ninth Circuit has held that, in lawsuits such as the instant one, a determination of "outrageousness" necessarily requires an interpretation of the standards set forth in the applicable CBA, and is thus preempted by federal labor law:

> We have repeatedly held that determining whether an employer's conduct is outrageous requires an interpretation of the terms of the CBA, and therefore the claim is not independent. *See e.g., Stone v. Writer's Guild of America West, Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996); *Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307, 1310 (9th Cir. 1990); *Miller v. A.T.& T. Network Sys.*, 850 F.2d 543, 550 (9th Cir. 1987). When the outrageous conduct alleged is based on discrimination, we still decline to find the claim independent of the CBA. *See Cook v. Lindsay Olive Growers*, 911 F.2d 233, 239-40 (9th Cir. 1990). For example, in *Cook*, we held that even where the plaintiff claimed his discharge was based on religious discrimination, "the terms of the collective bargaining agreement must be examined and interpreted to determine whether [the employer's] behavior was extreme and outrageous." *Id.* at 239. Thus, in accordance with our precedent, in order to determine whether [defendant's] conduct was outrageous we must construe the collective bargaining agreement, including [defendant's] drug policy, discharge policy and the last chance agreement between [plaintiff] and [defendant]. Consequently, [plaintiff's] claim for intentional infliction of emotional distress cannot be interpreted independently of the CBA and is therefore preempted by the RLA.

*Saridakis v. United Airlines*, 166 F.3d 1272, 1278-1279 (9th Cir. 1999). *See also Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1147 (9th Cir. 1988); *Miller*, 850 F.2d at 551; *Truex*, 784 F.2d at 1350; *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1476 (9th 1984).; *Hyles*, 849 F.2d at 1216.

Although NIED claims do not, in contrast to IIED claims, require a showing of "outrageousness," they nevertheless require the courts to analyze the conduct expected of the employer under the CBA. Accordingly, NIED claims are,

193163/0410.023                              10

like IIED, routinely held to be preempted by § 301. *See, e.g., Humble v. Boeing Co.*, 305 F.3d 1004, 1012 (9th Cir. 2002) (affirming § 301 preemption of NIED claim for same reasons IIED claim was preempted); *Wilkinson v. Safeway Stores, Inc.*, 879 F.2d 866 (9th Cir. 1989) (affirming preemption of IIED and NIED claims); *Young*, 830 F.2d at 1002 (same); *Stallcop v. Kaiser Found. Hosps*. 820 F.2d 1044, 1049 (9th Cir. 1987) (same). Accordingly, Counts VI and VII are, as with most of Plaintiff's other claims, clearly preempted by § 301. Plaintiff's motion to remand should, therefore, be denied in its entirety.

E. **Because Most Or All Of Plaintiff's Claims Are Preempted By § 301, Plaintiff's Arguments Regarding Union Non-Involvement And Supplemental Jurisdiction Are Irrelevant**

It is clear from the above that most, if not all, of Plaintiff's claims are preempted by § 301, and that the Court accordingly has original federal question jurisdiction over such claims pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction should, pursuant to 28 U.S.C. § 1367, be exercised with respect to any claims that the Court may determine to be beyond the scope of § 301 preemption. Plaintiff has not demonstrated that any non-preempted claim "substantially predominates" over the preempted claims. Thus, the Court should retain jurisdiction over the entire lawsuit and deny Plaintiff's motion in its entirety.

Although Plaintiff suggests that § 301 cannot be applicable because she has not included her union among the named defendants, there is simply no

authority for the proposition that the exclusion of a union defendant somehow exempts CBA-dependent claims from § 301 preemption. To the contrary, the courts have routinely applied § 301 law even where the union (or in some cases, the employer) is not among the named parties. Just as a plaintiff cannot avoid § 301 preemption/removal through artful pleading, he or she cannot avoid preemption by artfully (or otherwise) excluding certain parties. Accordingly, Defendants urge the Court to deny the instant motion and retain jurisdiction over this lawsuit.

### III. **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's motion in its entirety and decline to remand this lawsuit to state court.

DATED:   Honolulu, Hawaii, January 7, 2010.

　　　　　　　　　　　　　　 */s/* William N. Ota
　　　　　　　　　　　　　　PATRICK H. JONES
　　　　　　　　　　　　　　WILLIAM N. OTA
　　　　　　　　　　　　　　JENNIFER C. T. WOO
　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI GENERAL HOSPITAL, DIRECTOR OF NURSING, LEI MOKIAO, MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER, THE QUEEN'S MEDICAL CENTER

193163/0410.023                                    12

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH PRICE,<br><br>             Plaintiff,<br><br>vs.<br><br>MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI GENERAL HOSPITAL, DIRECTOR OF NURSING, LEI MOKIAO, MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER, THE QUEEN'S MEDICAL CENTER, DOE DEFENDANTS 1-50,<br><br>             Defendants. | CV09-00548 DAE-KSC<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was duly served upon the following at their last known addresses:

***Served Electronically through CM/ECF on January 7, 2010:***
EARL I. ANZAI                            earlanzai@yahoo.com
GEORGE A. BURKE                gaburke@hawaii.rr.com

Attorneys for Plaintiff
ELIZABETH J. PRICE

193163/0410.023

The undersigned further certifies that the foregoing document was duly served upon the following individual by U.S. Mail postage prepaid addressed as follows:

MICHAEL JAY GREEN
345 Queen Street, 2nd Floor
Honolulu, HI  96813

Attorney for Plaintiff
ELIZABETH J. PRICE

DATED:   Honolulu, Hawaii, January 7, 2010.

   /s/ William N. Ota
PATRICK H. JONES
WILLIAM N. OTA
JENNIFER C. T. WOO

Attorneys for Defendants
MOLOKAI GENERAL HOSPITAL, JANICE KALANIHUIA, PRESIDENT, MOLOKAI GENERAL HOSPITAL, RANDY LITE, VICE PRESIDENT MOLOKAI GENERAL HOSPITAL, DINO FONTES, MOLOKAI GENERAL HOSPITAL, DIRECTOR OF NURSING, LEI MOKIAO, MOLOKAI GENERAL HOSPITAL HUMAN RESOURCES MANAGER, THE QUEEN'S MEDICAL CENTER