IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELIZABETH J. PRICE, | ) | CIVIL NO. 09-00548 DAE-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND |
| | ) | |
| MOLOKAI GENERAL HOSPITAL; | ) | |
| JANICE KALANIHUIA, | ) | |
| PRESIDENT, MOLOKAI GENERAL | ) | |
| HOSPITAL; RANDY LITE, VICE | ) | |
| PRESIDENT, MOLOKAI GENERAL | ) | |
| HOSPITAL; LEI MOKIAO, HUMAN | ) | |
| RESOURCES MANAGER, MOLOKAI | ) | |
| GENERAL HOSPITAL; THE | ) | |
| QUEEN'S MEDICAL CENTER; DOE | ) | |
| DEFENDANTS 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
DENY PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Elizabeth Price's ("Plaintiff") Motion to Remand ("Motion"), filed December 11, 2009.  On January 7, 2010, Defendants filed their Opposition.  On January 22, 2010, Plaintiff filed a Reply.[1]

---

[1]  The Reply is untimely.  Pursuant to the Local Rules, it was due on January 14, 2010.

This matter came on for hearing on January 28, 2010.  Earl Anzai, Esq., appeared on behalf of Plaintiff.  William Ota, Esq., and Jennifer Woo, Esq., appeared on behalf of Defendants.  At the hearing, the Court directed the parties to file supplemental briefing by February 4, 2010, specifically addressing whether the terms of the Collective Bargaining Agreement ("CBA") will have to be interpreted in evaluating Plaintiff's claims and if so, which portions.  On February 4, 2010, the parties filed supplemental memoranda.  After careful consideration of the Motion, the supporting, opposing and supplemental memoranda, and the arguments of counsel, the Court hereby FINDS AND RECOMMENDS that the Motion be DENIED.

BACKGROUND

On September 25, 2009, Plaintiff filed a First Amended Complaint ("FAC") in the Circuit Court of the Second Circuit, State of Hawaii.  The action arises as a result of the termination of Plaintiff's employment with Defendant Molokai General Hospital ("MGH").  In

her FAC, Plaintiff alleges civil conspiracy (Count I),

intentional misrepresentations/non-disclosure (Count

II), negligence (Count III), violation of Hawaii's

Whistleblowers' Protection Act ("HWPA") (Count IV),

wrongful termination in violation of public policy

(Count V), intentional infliction of emotional distress

("IIED") (Count VI), and negligent infliction of

emotional distress ("NIED") (Count VII).

On November 16, 2009, Defendants removed the

action to this Court pursuant to 28 U.S.C. §§ 1441 and

1331 on the grounds that some or all of Plaintiff's

claims are preempted by § 301 of the Labor Management

Relations Act ("LMRA"), 29 U.S.C. § 185.

<u>DISCUSSION</u>

Plaintiff moves to remand this action to the

Circuit Court of the Second Circuit, State of Hawaii.

She argues that § 301 is inapplicable because she has

not included her Union as a defendant, nor are any

labor organizations parties to this action.  In

addition, she asserts that her claims all arise under

3

Hawaii State law and are therefore not subject to preemption.

Defendant counters that Plaintiff's conspiracy, intentional misrepresentation/non-disclosure, negligent employment, IIED, and NIED claims are all preempted by § 301 because their adjudication requires an analysis of the CBA.  Although conceding that it is at least arguable that Plaintiff's whistleblower and public policy claims are not preempted, Defendant submits that the Court should exercise supplemental jurisdiction over said claims.

Defendants removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1331.  Notice of Removal at 2, 4. Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded

4

> on a claim or right arising under the
> Constitution, treaties or laws of the
> United States shall be removable without
> regard to the citizenship or residence of
> the parties.  Any other such action shall
> be removable only if none of the parties
> in interest properly joined and served as
> defendants is a citizen of the State in
> which such action is brought.

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly

construed against removal and courts resolve any doubts

about the propriety of removal in favor of remanding

the case to state court.  See Durham v. Lockheed Martin

Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party

seeking to remove the case bears the burden of

establishing the existence of federal jurisdiction.

See California ex rel. Lockyer v. Dynegy, Inc., 375

F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S.

974 (2005).

A.   Section 301 Preemption

     Section 301 of the LMRA, codified at 29 U.S.C.

§ 185(a),[2] creates a federal cause of action for

---

[2]

> Suits for violation of contracts between
> an employer and a labor organization

5

breaches of collective bargaining agreements.  <u>Miller</u>

<u>v. AT&T Networks Sys.</u>, 850 F.2d 543, 545 (9th Cir.

1988).  "[E]ven suits based on torts, rather than on

breach of collective bargaining agreements, are

governed by federal law if their evaluation is

'inextricably intertwined with consideration of the

terms of [a] labor contract.'"  <u>Id.</u> (quoting

<u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 213

(1985)).  Thus, evaluations of state-law claims

requiring an interpretation of a labor contract's terms

are preempted by § 301.  <u>Id.</u>; <u>Ramirez v. Fox Television</u>

<u>Station, Inc.</u>, 998 F.2d 743, 747 (9th Cir. 1993)

(quoting <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486

─────────────────

> representing employees in an industry
> affecting commerce as defined in this
> chapter, or between any such labor
> organizations, may be brought in any
> district court of the United States having
> jurisdiction of the parties, without
> respect to the amount in controversy or
> without regard to the citizenship of the
> parties.

29 U.S.C. § 185(a).

U.S. 399, 405-06 (1988)) ("A state-law claim is preempted by section 301 'if the resolution of a state law claim depends on the meaning of a collective-bargaining agreement.'").  Despite § 301's considerable scope, it does not preempt all suits concerning employment.  <u>Miller</u>, 850 F.2d at 545.  "If a court can uphold state rights without interpreting the terms of a CBA, allowing suit based on the state rights does not undermine the purpose of section 301 preemption: guaranteeing uniform interpretation of terms in collective bargaining agreements."  <u>Id.</u> at 545-46 (citation omitted); <u>Cramer v. Consol. Freightways Inc.</u>, 255 F.3d 683, 693 (9th Cir. 2001) (state law claims are not preempted under § 301 unless they necessarily require "the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute").  In other words, "'nonnegotiable state-law rights . . . independent of any right established by contract'" are not preempted."  <u>Miller</u>, 850 F.2d at 546 (citation omitted).  The simple

fact that a CBA will be consulted in the course of state-law litigation does not require preemption when the meaning of contract terms is not the subject of dispute. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 261 n.8 (1994) (quoting Livadas v. Bradshaw, 512 U.S. 107, 124 (1994)).

A court must consider the following in its determination of whether a state law is preempted under § 301:

> (1) whether the CBA contains provisions
> that govern the actions giving rise to a
> state claim, and if so, (2) whether the
> state has articulated a standard
> sufficiently clear that the state claim
> can be evaluated without considering the
> overlapping provisions of the CBA, and (3)
> whether the state has shown an intent not
> to allow its prohibition to be altered or
> removed by private contract.  A state law
> will be preempted only if the answer to
> the first question is "yes," and the
> answer to either the second or third is
> "no."

Miller, 850 F.2d at 548.

    1.   Intentional Misrepresentations/Non-Disclosure
         Claim is Preempted

Plaintiff alleges that certain acts and

omissions[3] by Defendants constituted

misrepresentation/non-disclosure.  FAC at ¶ 34.

Plaintiff further claims that Defendants made certain

representations and withheld unspecified information

and in doing so "failed to exercise reasonable care in

obtaining and communicating the information."  <u>Id.</u> at

¶ 35.  Defendants contend that their duty to

communicate information to Plaintiff is governed by the

CBA.

In Hawaii, the following elements constitute

intentional misrepresentation: "(1) false

representations were made by defendants[;] (2) with

knowledge of their falsity (or without knowledge of

their truth or falsity)[;] (3) in contemplation of

plaintiff's reliance upon these false

representations[;] and (4) *plaintiff did rely upon*

*them*."  <u>Assoc. of Apartment Owners of Newtown Meadows</u>

<u>ex rel. its Bd. of Dirs. v. Venture 15, Inc.</u>, 115

_____

[3]  Plaintiff did not specifically identify the acts
and omissions that constitute
"misrepresentation/nondisclosure".

Hawai'i 232, 263, 167 P.3d 225, 256 (2007) (citing

<u>Shoppe v. Gucci Am., Inc.</u>, 94 Hawai'i 368, 386, 14 P.3d

1049, 1067 (2000) (citations omitted) (emphasis

added)).  A determination of whether Defendants made

intentional misrepresentations or failed to disclose

certain information to Plaintiff necessarily requires

an evaluation of the CBA,[4] as the CBA contains

provisions that govern Defendants' obligation and

responsibility to communicate information to Plaintiff.

The Court therefore finds that the intentional

misrepresentation/non-disclosure claim is preempted by

§ 301.

    2.  <u>Negligence Claim is Preempted</u>

       Plaintiff alleges that Defendants' acts and

omissions "constituted a breach of the duty to use

reasonable care in carrying out their duties in

supervising Plaintiff and Nurse Gertz."  FAC at ¶ 42.

Defendants proffer that a determination of the scope of

------

    [4]  Section 25, for example, would be relevant to
the inquiry.

their supervisory duties and the standards by which
said duties should be measured will require an analysis
of the CBA.  The Court agrees.

"Because any duty relating to the hiring,
supervision or retention of employees in the collective
bargaining context would arise solely from the
collective bargaining agreement, resolution of these
types of claims would require interpretation of that
agreement." Bradshaw v. Goodyear Tire and Rubber Co.,
485 F. Supp. 2d 821, 830 (N.D. Ohio 2007) (citing
Weatherholt v. Meijer Inc., 922 F. Supp. 1227, 1233
(E.D. Mich. 1996)); Brannon v. Tarlov, 986 F. Supp.
146, 150 (E.D.N.Y. 1997).  In the present case, the
Court finds that an evaluation of Plaintiff's negligent
supervision claim will require an interpretation of the
terms of the CBA.  Accordingly, this claim is preempted
by § 301.

   3.  Civil Conspiracy Claim is Preempted

       Although Plaintiff generally alleges that
Defendants' act constitute civil conspiracy, see FAC at

11

¶ 30, this Count does not identify the specific acts nor the Counts to which it relates.  As Defendants pointed out, the only Count expressly alleging that they acted in concert is Count III (negligence). Regardless of whether this civil conspiracy claim relates to all of the Counts, or merely to Count III, the Court finds that it is at least preempted in part by § 301.

Conspiracy claims are not alone subject to preemption analysis, but are viewed in conjunction with a plaintiff's underlying claims.  Hayden v. Reickerd, 957 F.2d 1506, 1511 (9th Cir. 1992).  If Plaintiff's allegation of conspiracy applies only to her negligence claim, it is preempted, for the Court has already determined that the negligence claim is preempted.  If, on the other hand, the conspiracy claim relates to the other claims as well, it is preempted to the extent the underlying claims are preempted.

4.  HWPA Claim is not Preempted

Plaintiff alleges that Defendants retaliated

against her in violation of Hawaii Revised Statutes

("HRS") § 378-62.  FAC at ¶ 47.  Defendants submit that

it is at least arguable that this claim is not

preempted by § 301.

Section 378-62 provides:

An employer shall not discharge, threaten,
or otherwise discriminate against an
employee regarding the employee's
compensation, terms, conditions, location,
or privileges of employment because:

(1) The employee, or a person acting
on behalf of the employee, reports or
is about to report to the employer, or
reports or is about to report to a
public body, verbally or in writing, a
violation or a suspected violation of:

(A) A law, rule, ordinance, or
regulation, adopted pursuant to
law of this State, a political
subdivision of this State, or the
United States; or

(B) A contract executed by the
State, a political subdivision of
the State, or the United States,

unless the employee knows that the
report is false; or

(2) An employee is requested by a
public body to participate in an
investigation, hearing, or inquiry
held by that public body, or a court

13

action.

Haw. Rev. Stat. § 378-62.  The HWPA "provides protection to employees who report suspected violations of law from '*any form of retaliation* by their employers.'"  <u>Crosby v. State Dep't of Budget & Fin.</u>, 76 Hawai'i 332, 341, 876 P.2d 1300, 1309 (1994), <u>cert. denied</u>, 513 U.S. 1081 (1995). (quoting Sen. Stand. Comm. Rep. No. 1127, in 1987 Senate Journal, at 1392). Indeed, "the legislature intended that the HWPA bar 'discharge, discrimination and *other forms of adverse action*.'"  <u>Id.</u> (quoting Sen. Stand. Comm. Rep. No. 833, in 1987 Senate Journal, at 1249).

Based on the foregoing, it is clear that HRS § 378-62 provides a non-negotiable state right.  The right of whistleblowers to be free of adverse action is fully independent of the CBA.  Here, an assessment of Defendants' purported retaliation for Plaintiff's whistleblowing does not require reference to the CBA. Because the Court need not interpret the CBA to determine whether Defendants retaliated against

14

Plaintiff in violation of HRS § 378-62, this claim is not preempted by § 301.

    5.   <u>Wrongful Termination Claim is not Preempted</u>

       Plaintiff alleges that Defendants wrongfully terminated her in violation of public policy.  FAC at ¶ 50.  The Hawaii Supreme Court recognizes that "'an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy.'"  <u>Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc.</u>, 76 Hawai'i 454, 464, 879 P.2d 1037, 1046-47 (1994) (quoting <u>Parnar v. Americana Hotels, Inc.</u>, 65 Haw. 370, 380, 652 P.2d 625, 631 (1982)).  To determine "whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme.  Prior judicial decisions may also establish the relevant public policy." <u>Parnar</u>, 65 Haw. at 380, 652 P.2d at 631.

The Court finds that Plaintiff's wrongful discharge claim is not preempted by § 301 because "the question of wrongful discharge is a factual determination that does not require [the] court to interpret the collective bargaining agreement." Foster v. Richardson, 843 F. Supp. 625, 629 (D. Haw. 1994); Lingle, 486 U.S. at 407 (retaliatory discharge claims require a purely factual determination that does not require interpretation of the collective bargaining agreement).  This is true even though Defendants maintain that Plaintiff was terminated for violating the House Rules, i.e., for "just cause."  Foster, 843 F. Supp. at 629 n.5.  Consequently, Plaintiff's wrongful termination claim is not preempted by § 301.

    6.  IIED Claim is Preempted

        Plaintiff claims that Defendants' actions caused her to suffer severe emotional distress.  FAC at ¶ 53.  Defendants argue that the standards in the CBA must be interpreted to determine whether their conduct was outrageous.

16

An IIED claim under Hawaii law requires satisfaction of the following elements:  "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another."  Enoka v. AIG Hawaii Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (citing Hac v. Univ. of Haw., 73 P.3d 46, 60-61 (Haw. 2003)).  "The term 'outrageous' has been construed to mean 'without just cause or excuse and beyond all bounds of decency.'"  Id. (quoting Lee v. Aiu, 936 P.2d 655, 670 n.12 (Haw. 1997) (internal quotation marks and citations omitted)).  The standard of requisite proof for claims of mental distress is "some guarantee of genuineness in the circumstances of the case."  Rodrigues v. State, 52 Haw. 156, 173, 472 P.2d 509, 520 (1970).

"[M]ental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions'" constitute "extreme emotional distress."  Enoka, 128 P.3d at 872 (quoting Hac, 73 P.3d at 60 (footnote and

17

citation omitted)).   Additionally, "serious mental
distress may be found where a reasonable man, normally
constituted, would be unable to adequately cope with
the mental stress engendered by the circumstances of
the case." <u>Rodrigues</u>, 52 Haw. at 173, 472 P.2d at 520.
IIED is an independent tort, but "there still must be
some underlying intentional or negligent action
undertaken by the defendant in order to render the
IIED[] claim cognizable." <u>Calleon v. Miyagi</u>, 76
Hawai'i 310, 320, 876 P.2d 1278, 1288 (1994).

Insofar as Hawaii law requires Plaintiff to
establish that Defendants acted outrageously, it
appears that an interpretation of the terms in the CBA
will be necessary.   The CBA sets forth the procedures
and conduct by which Defendants must abide.   The
reasonableness of Defendants' actions is a critical
factor in assessing the IIED claim, and could turn on
whether said actions violated the CBA.   <u>Miller</u>, 850
F.2d at 551.   As such, Plaintiff's IIED claim is
preempted by § 301.

7.   <u>NIED Claim is Preempted</u>

Finally, Plaintiff alleges that Defendants negligently caused her to suffer severe emotional distress.  FAC at ¶ 55.  Defendants argue that the NIED claim, like the IIED claim, is preempted.

Recovery for NIED is permitted "'where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.'"  <u>Doe Parents No. 1 v. State, Dep't of Educ.</u>, 100 Hawai'i 34, 69, 58 P.3d 545, 580 (2002) (alteration in original) (quoting <u>Rodrigues</u>, 52 Haw. at 173, 472 P.2d at 520).  "A plaintiff seeking damages for negligent infliction of emotional distress must generally show some predicate physical or property injury."  <u>Soone v. Kyo-Ya Co., Ltd.</u>, 353 F. Supp. 2d 1107, 1118 (D. Haw. 2005); <u>Doe Parents</u>, 100 Hawai'i at 69-70, 58 P.3d at 580-81 ("[A]n NIED claimant must establish, incident to his or her burden of proving actual injury . . . that *someone* was physically injured by the defendant's

19

conduct, be it the plaintiff himself or herself or someone else.").

Unlike Plaintiff's IIED claim, an evaluation of the NIED claim does not require the Court to consider whether Defendants acted outrageously.  However, inasmuch as this claim is cognizable only if there is some underlying intentional or negligent action undertaken by Defendants, it is preempted to the extent the Court has found those underlying claims to be preempted.

B.   Supplemental Jurisdiction

Although the Court determined that Plaintiff's HWPA and wrongful termination claims are not preempted by § 301, it nevertheless has supplemental jurisdiction over these claims.  28 U.S.C. § 1367.[5]

_____

[5]  Section 1367 provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion to Remand, filed December 11, 2010.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, February 10, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00548 DAE-KSC; PRICE V. MOLOKAI GENERAL HOSPITAL, ET AL., FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND

_____

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367.

21